Michael S. Taaffe, FL Bar No. 490318 (Admitted *Pro Hac Vice*)
Justin P. Senior, FL Bar No. 1004223 (Admitted *Pro Hac Vice*)
James E. Fanto, FL Bar No. 1004144 (Admitted *Pro Hac Vice*)
SHUMAKER, LOOP & KENDRICK, LLP
240 South Pineapple Avenue, Post Office Box 49948
Sarasota, Florida 34230-6948
(941) 364-2720; FAX: (941) 366-3999
Mtaaffe@shumaker.com
Jsenior@shumaker.com
Jfanto@shumaker.com

Greg A. Garbacz, Bar No. 167007
Daniel S. Agle, Bar No. 251090
Irean Z. Swan, Bar No. 313175
KLINEDINST PC
501 West Broadway, Suite 1100
San Diego, California 92101
(619) 400-8000/FAX (619) 238-8707
GGarbacz@Klinedinstlaw.com
DAgle@Klinedinstlaw.com
ISwan@Klinedinstlaw.com

Attorneys for Plaintiff
AMERIPRISE FINANCIAL SERVICES, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>LPL FINANCIAL, LLC,<br><br>        Defendant. | Case No. 3:24-cv-01333-JO-MSB<br><br>**AMERIPRISE'S STATUS REPORT RE. MEET AND CONFER FOLLOWING MOTION FOR PRELIMINARY INJUNCTION HEARING**<br><br>Judge:      Hon. Jinsook Ohta<br>Courtroom:  4C<br><br>Complaint Filed: July 30, 2024<br>Trial Date: None set |

## I. STATUS REPORT

Following the Preliminary Injunction hearing on November 14, the Court's Minute Entry required Ameriprise and LPL to meet and confer and work out a common-sense resolution to the parties' ongoing dispute. Counsel for the parties exchanged several emails, which are attached hereto as **Ameriprise's Exhibit 1**.

Later that same day, November 14, Ameriprise's counsel emailed Defendant's counsel and requested that the parties meet and confer in person with corporate representatives present, which Ameriprise believed to represent the best chance at resolving the issues. (*See id.* at 5)

The next day, Friday November 15, Defendant's counsel responded by stating: "Before we discuss the parameters of a meet-and-confer, we think it necessary to understand the issue(s) that such a meeting would be attempting to resolve." LPL's counsel therefore suggested that it was "necessary to understand [Ameriprise's] position regarding the issues raised" prior to "determine[ing] time, place, and attendees" to meet and confer. (*See id.* at 4)

On November 18, Ameriprise's counsel responded: "Respectfully, Judge Ohta ordered the parties to meet and confer. Our goal is to get the parties in the same room, face to face with representatives who have authority, to discuss the issues at hand." (*See id.* at 2-3.) Ameriprise's counsel then comprehensively described the issues as Ameriprise views them and identify the ways in which Defendant's counsel mischaracterized those issues. (*See id.*)

On Wednesday November 20, Defendant's counsel responded by providing measures that did not sufficiently address Ameriprise's issues or the Court's concerns raised at the November 14 hearing. (*See id.* at 1)

Given that Defendant refused to meet in person and that the parties seemingly made no legitimate progress in a week, Ameriprise saw little value in continuing to exchange emails—a strategy that it stated from the start would likely be ineffective.

1    Accordingly, Ameriprise drafted a proposed stipulated injunctive order containing
2    more limited relief than that which is sought in the underlying Motion and provided
3    it to Defendant's counsel along with a detailed letter explaining its reasoning behind
4    the stipulation, which Ameriprise's counsel sent on November 22. The proposed
5    stipulated injunctive order is attached hereto as **Ameriprise's Exhibit 2**, and the
6    corresponding letter is attached as **Ameriprise's Exhibit 3.**

7        As the Court will see, the Order would require:

8        1.    LPL to certify that it has segregated information relating to customers
9    who never transferred business to LPL obtained from the Bulk Upload Tools used
10   by former Ameriprise advisors, returned it to Ameriprise, and will not use or
11   disclose it in the future after a forensic copy of the information has been made so
12   that it is preserved in accordance with the litigation hold in place; and

13       2.    For the parties to mutually agree upon an independent third-party
14   forensic examination company to collect and review the personal devices of the
15   former Ameriprise Advisors who used the Bulk Upload Tool in order to make
16   litigation copies of relevant sensitive customer data stored thereon, and then delete
17   this information from those personal devices so that the individuals will no longer
18   be in personal and unsecured possession of sensitive customer data belonging to the
19   customers at issue.

20       (*See generally* **Ameriprise's Exhibit 2**).

21       Ameriprise agreed to share in the costs of this endeavor. (*See id.*)

22       On November 26, Defendant's counsel responded with a letter of its own
23   detailing action items to which Ameriprise did not agree and stated in no uncertain
24   terms that "to be clear, LPL will not agree to a stipulated injunction." Defendant's
25   letter did not even reference that Defendant would be willing to provide any
26   certification or attestation as to segregation and/or deletion of data—something the
27   Court itself suggested at the November 14 hearing. Ameriprise's counsel wrote back
28

the next day, November 27, explaining why Defendant's proposal is insufficient and stating, among other things: "Ameriprise maintains its position that it is essential to obtain an order requiring LPL to handle this appropriately. LPL has never explained to us—nor to the Court—why LPL cannot send us the Bulk Upload Tools in question or why LPL cannot return information that never belonged to it in the first place." (*See* **Ameriprise's Exhibit 4**, at 1).

Ameriprise intended to jointly submit a Status Report with Defendant to apprise the Court of the negotiations over the past two weeks. However, Defendant seemingly wanted to avoid doing so. Ameriprise suggested that it would "make most sense to do a singular status report in which there are sections for both Plaintiff's and Defendant's positions." *See* **Ameriprise's Exhibit 4**, at 2. Defendant's counsel responded that they were "willing to file a join[t] report and take the pen if you can submit your entry if you can provide it to us by noon on Friday." *See* **Ameriprise's Exhibit 5**, at 3. Today, at 7:52AM PST, Ameriprise's counsel asked Defendant's counsel for a copy of the draft status report so that Ameriprise could insert its position entry. *See id.* at 2. Defendant's counsel responded that it would instead file its own status report. *See id.* Within thirty minutes, Ameriprise's counsel followed up, stating that it was Ameriprise's understanding both from the Court and from the parties' prior communications that a singular report was more appropriate and expected. *See id.* at 1. Nearly four hours later, Defendant's counsel responded and confirmed it would be filing its own status report. *See id.* Accordingly, Ameriprise is filing the instant Status Report, per Defendant's suggestion, and has endeavored to keep it as factual as possible.

Though Ameriprise is willing to continue working in good faith to arrive at a practical solution, given that the parties were unable to come to an agreement and do not seem close, Ameriprise intends to file supplemental briefing on Monday December 2 as directed by the Court in its Minute Entry.

4     Case No. 3:24-CV-01333-JO-MSB
AMERIPRISE'S STATUS REPORT

| | | |
|---|---|---|
| | | SHUMAKER, LOOP & KENDRICK, LLP |
| DATED: November 29, 2024 | By: | */s/ Micahael S. Taaffe* |
| | | Michael S. Taaffe |
| | | Justin P. Senior |
| | | James E. Fanto |
| | | Attorneys for Plaintiff AMERIPRISE FINANCIAL SERVICES, LLC |
| | | |
| | | KLINEDINST PC |
| DATED: November 29, 2024 | By: | */s/ Irean Z. Swan* |
| | | Greg A. Garbacz |
| | | Daniel S. Agle |
| | | Irean Z. Swan |
| | | Attorneys for Plaintiff AMERIPRISE FINANCIAL SERVICES, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

                                     */s/ Michael S. Taaffe*