# AMERIPRISE'S EXHIBIT 1

**Senior, Justin P.**

| | |
|---|---|
| **From:** | Haas, Cheryl L. <CHaas@mcguirewoods.com> |
| **Sent:** | Wednesday, November 20, 2024 1:48 PM |
| **To:** | Taaffe, Michael S.; Jeffrey Compton; Rick Smith; White, Molly M.; Madrid, Alexander M.; Angelich, Brittney M. |
| **Cc:** | Senior, Justin P.; Fanto, James E.; Irean Z. Swan; Daniel S. Agle; Gregory A. Garbacz |
| **Subject:** | RE: Ameriprise Financial Services, LLC vs. LPL Financial, LLC, 3:24-cv-01333-JO-MSB |

CAUTION: External Email

Hi Michael:

Thank you for your detailed response. Of course, the parties *are* meeting and conferring, and we think doing so by email first helps to ensure each side understands the other's position and avoids misunderstandings.

The Court did not indicate it would order the return of all extra-Protocol information taken by any advisor via Bulk Upload Tool ("Tool") regardless of whether the information pertains to a customer who opened an account at LPL. The Court was plainly concerned about the potential unauthorized disclosure of customer information and Ameriprise's purported legal duty to safeguard that information. If the customer now has an account at LPL, then the customer has consented to LPL using that information.

In any event, we hope it unnecessary to argue about the nature of what the Court indicated it may order (if anything), as upon review of your identified concerns it does not appear that the parties are far apart.

Your first three enumerated concerns (and part of your sixth) all relate to whether the advisors who utilized the Tool retained any customer information outside of LPL's systems. If they did *not*, then it appears both parties agree that there is nothing further to be done with respect to those concerns. As I mentioned in my prior correspondence, we are in the process of contacting the advisors or their counsel. We will apprise you of our continued progress. If any advisor indicates that they have retained any customer information outside of LPL's systems, we will propose appropriate next steps – including the manner in which such information would be deleted.

Your remaining concerns thus appear to be: (4) where information provided by the Tool resides on LPL's system; (5) identification of customers whose information was collected via the Tool but did not open accounts with LPL; and (6) deletion of information related to the customers identified in item 5.

As to item 5, as I noted in my prior email, we will provide you with a list of customers whose information was collected via the Tool but did not open accounts with LPL.

That leaves your requests for (4) identification of where customer information resides on LPL's system and (6) deletion of information for customers who did not open accounts with LPL. Respectfully, we do not believe either of those requests are warranted or contemplated by the Court's discussion. The information at issue is stored securely on LPL's system and subject to the same safeguards as any other customer data at LPL. And deletion of non-customer information assumes the ultimate issue that will be decided on the merits at arbitration. LPL's position is that this information does *not* belong to

Ameriprise. The Panel will decide that issue. There is no basis for the deletion of that information here, particularly where it is secure in LPL's system and subject to a legal hold.

Finally, you state that you believe that your concerns would be most simply addressed through provision to you of "complete copies of all 30 Bulk Upload Tools used by the registered reps." But as you know, the great majority of the customers listed on those Tools moved their accounts to LPL. Ameriprise thus has no duty to safeguard their information. To the extent you nevertheless believe that Ameriprise requires this information now, years after these customers moved their accounts, please explain what you intend to do with this information. If Ameriprise believes it is under an obligation to notify these customers of their advisors' retention of their data or otherwise take some action in accordance with regulatory responsibilities, it could have – and should have - done so years ago.

If you are in agreement with our proposed resolution of your specific concerns, we will keep you apprised as we contact the individual advisors and would look forward to filing a joint status report with the Court apprising it the parties have addressed its concern securing the information of Ameriprise customers who did not open accounts with LPL. Otherwise, please let us know your continued concerns and we are happy to continue to meet and confer, by email and/or videoconference.

Thank you, Cheryl


**Cheryl L. Haas**
Partner
McGuireWoods LLP
T:  +1 404 443 5726 | M: +1 404 909 5307
chaas@mcguirewoods.com

**From:** Hayes, Mary Beth <mhayes@shumaker.com> **On Behalf Of** Taaffe, Michael S.
**Sent:** Monday, November 18, 2024 4:41 PM
**To:** Haas, Cheryl L. <CHaas@mcguirewoods.com>; Taaffe, Michael S. <mtaaffe@shumaker.com>; Jeffrey Compton <jcompton@mzclaw.com>; Rick Smith <rsmith@mzclaw.com>; White, Molly M. <MWhite@mcguirewoods.com>; Madrid, Alexander M. <AMadrid@mcguirewoods.com>; Angelich, Brittney M. <bangelich@mcguirewoods.com>
**Cc:** Senior, Justin P. <jsenior@shumaker.com>; Fanto, James E. <jfanto@shumaker.com>; Irean Z. Swan <iswan@klinedinstlaw.com>; Daniel S. Agle <dagle@klinedinstlaw.com>; Gregory A. Garbacz <Ggarbacz@klinedinstlaw.com>
**Subject:** RE: Ameriprise Financial Services, LLC vs. LPL Financial, LLC, 3:24-cv-01333-JO-MSB

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Good afternoon, Cheryl,

Respectfully, Judge Ohta ordered the parties to meet and confer. Our goal is to get the parties in the same room, face to face with representatives who have authority, to discuss the issues at hand. We think that your email mischaracterizes what the issues actually are, and our interpretation of your position is that if we don't submit to your mischaracterization, you will not meet and confer with us as ordered by the Court. We have a very small window, particularly given the upcoming holiday, in which we can meet and confer; I don't think we should be wasting it on back-and-forth emails, which is why I proposed an in-person meeting to begin with.

It is our understanding that Judge Ohta indicated that she was going to issue an order for return of all customer information exceeding the Protocol taken (and provided to LPL) by the registered representatives at issue, and she wanted us to work out most efficient way to do that and thereafter purge the same information from LPL and registered representatives' systems.

We believe that the simplest way to start this process, in connection with the below, would be to send us complete copies of all 30 Bulk Upload Tools used by the registered reps in question with the associated metadata showing when the RRs received them, when LPL obtained the filled-out tools from the RRs, and where the tools reside.

To be clear, our specific concern is not limited to, as you state, "whether the advisors who utilized the Bulk Upload Tool prior to 2022 have retained outside of LPL's system any information related to customers who did not follow them." Our specific concerns, related to the misappropriated information only, are as follows: (1) whether the RRs who utilized the Bulk Upload Tool at any time have retained outside of LPL's systems any information exceeding the Protocol related to prior Ameriprise customers—whether the customer followed them or not is irrelevant, as the individual RRs themselves are not allowed to have information exceeding the protocol on their personal unsecured devices; (2) when that occurred as to each RR; (3) where that information resides as to each RR's personal devices and/or physical documents in their possession; (4) where that information resides on LPL's systems; (5) the number and identification of all customers whose information was collected via the Bulk Upload Tool but who did not open accounts with LPL; and (6) the best method of isolating, protecting, returning, and deleting all of information relating to individuals who never became LPL customers from LPL's systems as well as all information for all individuals from the RR's personal possession, which would include forensic examination of any RR's personal technology on which the RRs have retained such data.

As your email states, reaching out to those 30 advisors is the first step. Location and collection of the Bulk Upload Tools used is the second.

For the avoidance of doubt, and so we can avoid similar situations in the future, Ameriprise does not give consent to allow LPL recruits to bring any information outside of Protocol as it would violate Ameriprise's privacy policies without both Ameriprise and client written consent. To make sure LPL is compliant going forward, we would like the above memorialized via stipulation with the court.

Please let us know when the parties can meet to discuss solutions.
Thank you.

Michael Taaffe


**Michael S. Taaffe**
Attorney at Law
Board Certified in Business Litigation

3

**SHUMAKER**

240 South Pineapple Avenue, 9th Floor | Sarasota, Florida  34236

P.O. Box 49948 | Sarasota, Florida 34230-6948

Direct 941.364.2720 | Fax 941.366.3999

mtaaffe@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

**From:** Haas, Cheryl L. <CHaas@mcguirewoods.com>
**Sent:** Friday, November 15, 2024 5:08 PM
**To:** Taaffe, Michael S. <mtaaffe@shumaker.com>; Jeffrey Compton <jcompton@mzclaw.com>; Rick Smith <rsmith@mzclaw.com>; White, Molly M. <MWhite@mcguirewoods.com>; Madrid, Alexander M. <AMadrid@mcguirewoods.com>; Angelich, Brittney M. <bangelich@mcguirewoods.com>
**Cc:** Senior, Justin P. <jsenior@shumaker.com>; Fanto, James E. <jfanto@shumaker.com>; Irean Z. Swan <iswan@klinedinstlaw.com>; Daniel S. Agle <dagle@klinedinstlaw.com>; Gregory A. Garbacz <Ggarbacz@klinedinstlaw.com>
**Subject:** RE: Ameriprise Financial Services, LLC vs. LPL Financial, LLC, 3:24-cv-01333-JO-MSB

CAUTION: External Email

Michael,

Thank you for your email.  Before we discuss the parameters of a meet-and-confer, we think it necessary to understand the issue(s) that such a meeting would be attempting to resolve.  As we understand it, the concern raised to the Court yesterday is that PII for customers who did not follow their advisors to LPL could be inadvertently disclosed.  To be clear, information sent by these advisors to LPL via the Bulk Upload Tool is stored securely within LPL's system.  LPL, of course, is subject to the same data privacy rules and regulations as Ameriprise with respect to all customer information stored on its system.

We thus understand that the specific concern is whether the advisors who utilized the Bulk Upload Tool prior to 2022 have retained outside of LPL's system any information related to customers who did not follow them.  To resolve this concern, LPL will reach out to each of the 30 advisors at issue to determine whether they have retained any non-customer information in any place that is outside of LPL's system.  If any such information is identified, we will propose a plan for isolating and protecting, or deleting, that data consistent with Ameriprise's litigation hold directive. We will also provide you with a list of customers whose information was collected via the Tool but did not open accounts with LPL.

While we look forward to meeting and conferring, we think it necessary to understand your position regarding the issues raised yesterday and your proposal (to the extent different from ours).  To avoid any misunderstanding, we ask that you provide that position in writing.  We can then determine time, place, and attendees.

Thanks,
Cheryl

4

**Cheryl L. Haas**
Partner
McGuireWoods LLP
T:  +1 404 443 5726 | M: +1 404 909 5307
chaas@mcguirewoods.com

---

**From:** Hayes, Mary Beth <mhayes@shumaker.com> **On Behalf Of** Taaffe, Michael S.
**Sent:** Thursday, November 14, 2024 2:07 PM
**To:** Jeffrey Compton <jcompton@mzclaw.com>; Rick Smith <rsmith@mzclaw.com>; White, Molly M. <MWhite@mcguirewoods.com>; Haas, Cheryl L. <CHaas@mcguirewoods.com>; Madrid, Alexander M. <AMadrid@mcguirewoods.com>; Angelich, Brittney M. <bangelich@mcguirewoods.com>
**Cc:** Taaffe, Michael S. <mtaaffe@shumaker.com>; Senior, Justin P. <jsenior@shumaker.com>; Fanto, James E. <jfanto@shumaker.com>; Irean Z. Swan <iswan@klinedinstlaw.com>; Daniel S. Agle <dagle@klinedinstlaw.com>; Gregory A. Garbacz <Ggarbacz@klinedinstlaw.com>
**Subject:** Ameriprise Financial Services, LLC vs. LPL Financial, LLC, 3:24-cv-01333-JO-MSB

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Counsel,

Please let us know when you are available before 11/29 to set a date to meet and confer as requested by the Court. We recommend that we schedule a time to meet in person with corporate representatives of both parties who have authority to resolve the issues in this case. We think this will be the most efficient way to come to a reasonable resolution in the time period designated by the Court, and we look forward to working with you in good faith.
Thank you,

Michael S. Taaffe

**Michael S. Taaffe**
Attorney at Law
Board Certified in Business Litigation

SHUMAKER

240 South Pineapple Avenue, 9th Floor | Sarasota, Florida  34236
P.O. Box 49948 | Sarasota, Florida 34230-6948
Direct 941.364.2720 | Fax 941.366.3999
mtaaffe@shumaker.com | bio | LinkedIn

Confidentiality Statement: This electronic message contains information from the law firm of Shumaker, Loop & Kendrick, LLP, and may be confidential or privileged. The information is intended to be for the use of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this electronic message in error, please notify the sender immediately by reply e-mail or telephone 800.444.6659.

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*