# AMERIPRISE'S EXHIBIT 3



941-366-6660 Firm Phone
941-366-3999 Firm Fax
Shumaker.com Firm URL

MICHAEL S. TAAFFE
240 S. Pineapple Avenue, 10th FL
Sarasota, FL 34236
941-364-2720

November 22, 2024

**VIA E-MAIL**

Cheryl L. Haas, Esq.
McGuire Woods, LLP
1075 Peachtree Street, NE, 35th Floor
Atlanta, GA 30309-3900

      Re:    *Ameriprise Financial Services, LLC vs. LPL Financial, LLC*, 3:24-cv-01333-JO-MSB

Dear Cheryl:

    We write in response to your November 20 correspondence. While we are disappointed that LPL is refusing to meet and confer in person to really hash this out, and while we do not necessarily agree with several of the positions taken in your letter, we nonetheless respond with what we believe will constitute a common-sense resolution to the outstanding issues. To that end, please find the attached proposed stipulated Injunctive Order, with our reasoning below.

    This is what we know: at least thirty individual registered representatives transferred from Ameriprise to LPL and utilized the Bulk Upload Tool ("The RRs"), which, at LPL's admission via the Declaration of Ms. Sinquimani, contain information that exceeds that which is allowed to be taken by the Protocol for Broker Recruiting. We know that The RRs took such information for over 4,500 customers and did so without the customers' (or Ameriprise's) written authorization and provided that information to LPL.

    Our impression from the 11/14 hearing is that Judge Ohta is justly concerned with the protection, deletion, and return of this confidential and sensitive data. To satisfy the Court's concerns (and Ameriprise's), we think it is critical to identify the different categories of customers at issue:

1. Customers who never transferred their business from Ameriprise to LPL;
2. Customers who may have left Ameriprise, but also did not join LPL, whose information nonetheless ended up in LPL's possession via the Bulk Upload Tool, and is still in The RRs' personal possession;
3. Customers who currently have accounts at both Ameriprise and LPL; and
4. Customers who fully transferred their assets from Ameriprise to LPL but whose sensitive information still resides on the 30 registered representatives unsecured personal devices (phone, laptop, cloud storage, email inbox/sent box).

31796177v2

Cheryl L. Haas, Esq.
November 22, 2024
Page 2

      For all 4 categories of customers, The RRs never had any right to keep the customers' confidential and sensitive data on The RRs' personal devices. Ameriprise did not allow The RRs to keep this information on their personal devices when they were registered representatives with Ameriprise. We believe LPL has the same, if not a very similar, policy.

      As it relates to categories 1 and 2, LPL and The RRs have no right—and indeed never had any right—to possess information beyond Protocol information for these customers following The RRs' resignations from Ameriprise. The same applies to customers in category 3, for the accounts which did not transfer to LPL. As to these customers, an Order is necessary to require LPL and The RRs to return the information of these customers to Ameriprise without retaining the same. While LPL must certify that it has segregated this information, returned it to Ameriprise, and will not use or disclose it in the future. As to The RRs, the only way to ensure permanent dispossession of the confidential and sensitive data for The RRs is to have their personal devices and cloud storage forensically examined by an independent third-party forensic examination company. The RRs likely might not even remember whether they even have this information, and if they do, they will not know how to actually appropriately and *permanently* delete it. This is why a forensic examination company is required for the process of creating a forensic copy of the information (so that it is preserved in accordance with the litigation hold in place) prior to permanently erasing it from the RRs' personal possession.

      This is the same process necessary for customers in categories 3 (for accounts which transferred to LPL) and 4. While LPL has the right to possess and has an obligation to protect information for customers in categories 3 and 4, part of that protection includes prohibiting The RRs from maintaining the confidential and sensitive data on their unsecured personal devices.

      In short, the only reasonable resolution is (1) for LPL to certify that it has segregated information relating to customers from categories 1 and 2 and customers from category 3 (for the accounts which did not transfer to LPL) obtained from the Bulk Upload Tools of The RRs, returned it to Ameriprise, and will not use or disclose it in the future after a forensic copy of the information has been made so that it is preserved in accordance with the litigation hold in place; and (2) for the parties to mutually agree upon an independent third party forensic examination company to collect and review the personal devices of The RRs in order to make litigation copies of relevant sensitive customer data stored thereon, and then delete this information from those personal devices so that The RRs will no longer be in possession of sensitive customer data belonging to customers from all 4 categories.

      Moreover, Ameriprise potentially has an obligation to notify customers that their data has been placed at risk. To that end, Ameriprise needs to obtain from LPL the completed versions of the Bulk Upload Tools (with metadata intact) used by each of The RRs so that it can determine: (1) the type and extent of the misappropriation at issue, and for which customers; and (2) to determine whether it needs to notify any of its current or former customers, along with their family

Cheryl L. Haas, Esq.
November 22, 2024
Page 3

members and/or beneficiaries who are not customers but whose information may nonetheless be in LPL's and The RRs' possession.

      Ameriprise suggests that the parties submit the proposed stipulated Injunctive Order to the Court to effectuate this process and dispense with the need for further briefing and court intervention. Due to the upcoming holiday and the parties' deadline to submit a status report on November 29, we respectfully request that LPL respond to this correspondence no later than close of business November 25, 2024.

      Sincerely,

      */s/ Michael S. Taaffe*

      Michael S. Taaffe

31796177v2