# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LPL FINANCIAL LLC,<br><br>　　　　Defendant. | Case No. 24-CV-01333-JO-MSB<br><br>[PROPOSED] STIPULATED MODIFIED PROTECTIVE ORDER |

The Court GRANTS in part and DENIES in part the Parties' Joint Motion to Re-Open Case. Dkt. 58. The Court DENIES the Parties' request to re-open this case.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause and hereby GRANTS the Parties' Joint Motion to ~~Re-Open Case to~~ Enter Modified Protective Order, and enters the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order"):

**1.    PURPOSE.**

Plaintiff may use the Documents in connection with this Litigation only for prosecuting, defending, or attempting to settle this Litigation and/or Arbitration (*Ameriprise Financial Services, LLC v. LPL Financial LLC*, Case No. 24CV1333 JO MSB, "Litigation") and the related FINRA Arbitration (*Ameriprise Financial Services, LLC v. LPL Financial LLC,* FINRA No. 24-01643, "Arbitration") (collectively, the "Matters"). The Documents may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

**2.    DEFINITIONS.**

**a.**    "Party" means either of the Parties to this case, including all of its officers, directors, and employees.

**b.**    "Outside Counsel" means (i) outside counsel who appear on the pleadings as counsel for a Party in the Matters, and (ii) attorneys and staff (such as paralegals) associated with such counsel to whom it is reasonably necessary to disclose the information for purposes of the Matters.

**3.    COMPUTATION OF TIME.**

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rules of Civil Procedure 6.

2

[PROPOSED] ORDER GRANTING JOINT MOTION ~~TO RE-OPEN CASE~~ TO ENTER MODIFIED PROTECTIVE ORDER
CASE NO. 24-CV-01333-JO-MSB

## 4. SCOPE.

**a.** Nothing in this Order shall be construed to prejudice any Party's right to use the Documents in the Matters for the purposes stated in the Parties Stipulated Order [Dkt. 53], as well as in the Arbitration so long as appropriate actions are taken to protect the Documents' confidentiality, such as filing the Documents under seal in the Litigation and similarly maintaining the Documents confidentiality in the Arbitration.

**b.** This Order is without prejudice to the right of either Party to seek further or additional protection of the Documents or to modify this Order in any way.

## 5. DURATION.

Even after the termination of this case, the confidentiality obligations imposed by this Order shall remain in effect until Defendant agrees otherwise in writing, or a court order otherwise directs.

## 6. ACCESS TO AND USE OF THE DOCUMENTS.

**a. Basic Principles**. The Documents, and their contents, shall be used solely for the Matters, or any related appellate proceeding, and not for any other purpose whatsoever. The Documents and their contents shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

**b. Personally Identifying Information.** The Documents may contain Personally Identifying Information ("PII"). For that reason, the Documents shall be treated as CONFIDENTIAL, pursuant to the terms of this Order. Absent an Order of this Court, neither the Parties nor their counsel shall use PII obtained from the Documents in the Matters to communicate with any individuals named in the Documents, unless such individual or individuals are not affiliated with LPL. As to individuals who are not affiliated with LPL, Ameriprise is permitted to use information contained in the (a) Declaration Exhibit to send a communication demanding the preservation of relevant documents or any other demand regarding data, provided that counsel for LPL is copied on the communication; (b) Documents

produced pursuant to the Parties Stipulated Order [Dkt. 53] for the purposes stated in paragraph 6 of the Stipulated Order and in connection with the underlying Arbitration subject to maintaining the Documents confidentiality. Nothing in this paragraph limits either party's (or their counsels') right to communicate with any of the individuals named in the Documents if they are not represented by counsel, or those individuals' counsel, with regard to the Arbitration. Ameriprise is also permitted to use the Declaration Exhibit for the purpose of service in the Arbitration pursuant to FINRA Rule13309(c).  Moreover, the names contained in the Documents shall not be used in any public court filings. Should reference to any individual identified in the Documents be necessary in public court filings in this Litigation, those individuals shall be referred to by using their initials. Nothing in this paragraph shall be construed as a waiver by the Parties of their position that they are entitled to redact PII, and the Parties agree that PII may be redacted in any court filing or as required by FINRA rules and guidance.

      **c.**    **Secure Storage**.  The Documents must be stored and maintained by Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

      **d.**    **Limitations.**  Nothing herein shall be construed to prohibit or restrict either of the Parties (or their attorneys) from initiating communications directly with, or responding to any inquiry from, or providing testimony before, the SEC, FINRA, any other self-regulatory organization, or any other state or federal regulatory authority, nor to prohibit or restrict in any way either Party's use or disclosure of Protected Material to comply with regulatory obligations.

**7.**    **DOCUMENTS DESIGNATED AS "CONFIDENTIAL."**

      **a.**    The Documents will be designated "CONFIDENTIAL" by placing the appropriate designation on every page of the Documents, prior to production.

      **b.**    Unless otherwise ordered by the Court, the Declaration Exhibit stamped CONFIDENTIAL, and their contents, may be disclosed only to the following:

      **i.**      The Court and its personnel, although any documents that are filed with the Court or Arbitration Panel and reference or attach any information or document labeled "CONFIDENTIAL" must be filed pursuant to the sealing rules described in paragraph 9, below.

      **ii.**      The Arbitrators in the related FINRA Arbitration matter.

      **iii.**      Corporate officers, in-house counsel, and key employees of the Parties who have responsibility for directing or assisting litigation counsel in connection with the Matters, and only for the purpose of directing or assisting litigation counsel in connection with the Matters. Additionally, Ameriprise may internally share with key employees operating in a recruitment-based capacity the thirty names identified within the Declaration Exhibit, for the sole use and purpose to limit, to the extent possible, Ameriprise initiation of outgoing contact with those individuals, who are currently adverse/represented parties in the Arbitration.

      **iv.**      The Parties' Outside Counsel, their immediate paralegals and staff, and any copying, clerical, or other litigation support services working at the direction of such counsel, paralegals, and staff, unless otherwise agreed.

      **v.**      Any outside expert or consultant retained by the Parties to assist in the Matters, provided that disclosure is only to the extent necessary to perform such work; and provided that such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A.

      **vi.**      Court reporters, stenographers and videographers retained to record testimony taken in the Matters.

      **vii.**      Witnesses, and attorneys for witnesses, in this action to whom disclosure is reasonably necessary provided: (1) the witness signs the form attached as Exhibit A hereto; and (2) they will not be permitted to keep the Documents unless they sign a copy of Exhibit A, unless otherwise agreed by Defendant or ordered by the Court.

  **viii.** A vendor hired by a Party to collect documents, host data, maintain a database of electronic data or perform other work related to the collection, review or production of documents in the case, if the vendor operates under an applicable confidentiality agreement with the Party or its counsel.

  **ix.** Any mediator who is assigned to hear this matter, and his or her staff, subject to the provision to them of this Protective Order and their agreement to maintain confidentiality to the same degree as required by this Protective Order.

 **c.** Unless otherwise ordered by the Court, the Documents stamped CONFIDENTIAL and produced pursuant to the Parties Stipulated Order [Dkt. 53], and their contents, may be disclosed only as permitted in the Parties Stipulated Order.

 **d.** To the extent a Party or their counsel believes there is a legitimate need to disclose the Documents or their contents to any person not set forth above, they shall notify the other Party's counsel and the Parties shall meet and confer in good faith.

**8.** **SUBPOENAS OR COURT ORDERS.**

 If at any time Plaintiff receives a subpoena to which the Documents or the contents therein are responsive from any court, arbitral, administrative, regulatory, or legislative body, or, in the case of any regulatory body, including, without limitation, FINRA or the SEC, an informal request for documents or information to which the Documents or the contents therein are responsive, Plaintiff shall immediately give prompt written notice thereof to Defendant and its counsel and shall provide Defendant with an opportunity to move for a protective order or other measures to ensure the confidentiality of the Documents and their contents. Nothing in this paragraph should be construed as permitting disclosure of the Documents to any third party except as expressly provided in this Order.

**9.** **FILING DOCUMENTS.**

 **a.** As applied to the Documents, the Parties shall seal the Documents (or redact any portion thereof), by following the protocols for electronic filings in this

6

[PROPOSED] ORDER GRANTING JOINT MOTION ~~TO RE-OPEN CASE~~ TO ENTER MODIFIED PROTECTIVE ORDER
CASE NO. 24-CV-01333-JO-MSB

District. For avoidance of doubt, to the extent any filings include any names or PII provided in the Documents, that information must be redacted to contain only the individuals' initials, or the filings must be made under seal. To the extent references are made in a public hearing to the names or PII in the Documents, the names should not be used in full, and the individuals should be identified by their initials.

**10.   SHIPPING THE DOCUMENTS.**

If Plaintiff ships the Documents to others designated in this Order as authorized to receive the Documents, Plaintiff will encrypt any electronic data (if the Documents are in that format) and supply the password in separate correspondence to the recipient. If the Documents are in hard copy/paper form, Plaintiff will ship them using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If Plaintiff learns at any time that the Documents may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify Defendant's Outside Counsel and take all reasonable measures to retrieve the improperly disclosed Documents.

**11.   DISCLOSURE NOT AUTHORIZED BY ORDER.**

**a.** All persons in possession of the Documents are ordered to use reasonable care in the custody, use or storage of the Documents. Any use or disclosure of the Documents or their contents in violation of the terms of this Order may subject the disclosing party to sanctions.

**b.** In the event of a disclosure of the Documents or their contents by Plaintiff or its counsel to any person or persons not authorized to receive such disclosure under this Protective Order or by any subsequent order of the Arbitration Panel, Plaintiff shall immediately notify counsel for Defendant that the Documents have been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. Plaintiff shall also promptly take all reasonable measures to retrieve the improperly disclosed

Documents or their contents and ensure that no further or greater unauthorized disclosure and/or use thereof is made.

      **c.** Unauthorized or inadvertent disclosure does not change the status of the Documents or waive the right to hold the Documents as Protected.

**12. FINAL DISPOSITION.**

      **a.** Not later than sixty (60) days after the final disposition of this case, Plaintiff shall return the Documents to Defendant's Outside Counsel or destroy such Material. For purposes of this Order, "final disposition" occurs after an order, mandate, or dismissal finally terminating the Litigation and Arbitration with prejudice, including all appeals.

      **b.** Plaintiff and any other persons within Plaintiff's control that received the Documents shall certify in writing that they have been returned to Defendant's Outside Counsel or destroyed. Notwithstanding the provisions for return of the Documents, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes.

**13. MISCELLANEOUS.**

      **a.** **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the Court or Arbitration panel in the future.

      **b.** **Termination of Matter and Retention of Jurisdiction**. The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter or Arbitration.

      **c.** **Successors**. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

  d. **Right to Assert Other Objections**.  No Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

  e. **Actions to Protect Confidential Information.**  In the event that the Court or Arbitration Panel determines that there is an actual or threatened breach of this Order, the Parties agree that the Parties would not have an adequate remedy at law and would be entitled to specific performance, and/or injunctive relief, to enforce the terms of this Order, in addition to any other remedy the Party may be entitled at law or in equity. Moreover, if an action is brought to enforce this Protective Order, the Court shall award attorney fees to the prevailing Party.

  f. **Modification of Order**.  This Order is subject to further court or Arbitration Panel order based upon public policy or other considerations, and the Court or related Arbitration Panel may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Southern District of California or the Arbitration Panel are responsible for the interpretation and enforcement of this Order.  All disputes concerning the Documents shall be resolved by the United States District Court for the Southern District of California or the Arbitration Panel.

  g. **Effective Date.**  This Amended Protective Order shall become effective upon entry of the Court's Order approving the terms of this Amended Protective Order.  Until such time, the Parties agree to abide by the terms of this Amended Protective Order as if it were already in effect.

IT IS SO ORDERED.

DATED: 1/23/2025

_____
Honorable Jinsook Ohta
United States District Judge for the
Southern District of California

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND
# BY PROTECTIVE ORDER

I, _____ [print full name], declare under penalty of perjury that I have read in its entirety the Protective Order dated _____, 2025 in the case of *Ameriprise Financial Services, LLC v. LPL Financial LLC*, Case No. 24CV1333 JO MSB, pending in the United States District Court for the Southern District of California, and the related FINRA Arbitration (*Ameriprise Financial Services, LLC v. LPL Financial LLC,* FINRA No. 24-01643, "Arbitration") and understand the terms thereof.

I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California and FINRA Arbitration panel for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____