Janelle E. Sharer, Cal. Bar No. 354100
George C. Freeman, III (admitted *pro hac vice*)
Jamie L. Berger (admitted *pro hac vice*)
Shaun P. McFall (admitted *pro hac vice*)
BARRASSO USDIN KUPPERMAN
   FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Telephone: 504-589-9700
Facsimile: 504-589-9701
jsharer@barrassousdin.com
gfreeman@barrassousdin.com
jberger@barrassousdin.com
smcfall@barrassousdin.com

*Attorneys for Loyd Bouldin, Wade Cardon, Bryan Hutto, Joshua Lambert, Cody Mares, Martial Martinoni, Steven Schwartz, Samuel Sigler, Keith Smith, & Kevin Sullivan*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>LPL FINANCIAL LLC,<br><br>Defendant. | Case No. 24-CV-01333-JO-MSB<br><br>**ADVISORS' REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL** |

## INTRODUCTION

Despite its title, Ameriprise's "omnibus opposition" hardly addresses the Advisors' motion for a stay pending appeal at all. Instead, it focuses almost exclusively on LPL and devotes much of its prose not to the merits of the pending motions, but to taking a victory lap and poking LPL's counsel in the eye. Where Ameriprise deigns to actually respond to the Advisors' arguments, it simply gets the law and the facts wrong.

To start, Ameriprise is wrong to claim that by asking for modification of the Stipulated Order as an *alternative* form of relief, the Advisors somehow abandoned their primary contention that this entire dispute belongs in FINRA arbitration or otherwise forfeited their right to appeal under Section 16(a) of the Federal Arbitration Act. To the contrary, the Federal Rules of Civil Procedure expressly allow parties to request alternative, even conflicting forms of relief, and courts have thus long prohibited opposing parties from using an alternative request for relief as an admission against the primary request for relief, as Ameriprise tries to do here.

Second, nothing in *Coinbase, Inc. v. Bielski* or its progeny supports Ameriprise's narrow and self-serving application of that decision. Under *Coinbase*, an automatic stay is required in *all* Section 16(a) appeals. And even if *Coinbase* were so limited, 28 U.S.C. § 1291, 28 U.S.C. § 1292(a), and *Nken v. Holder* are not. Yet Ameriprise fails to refute the Advisors' reasons for why *Nken*'s discretionary-stay factors are satisfied here.

So, whether because an automatic stay is required under *Coinbase* or a discretionary stay is warranted under *Nken*, the Advisors' motion for a stay pending appeal should be granted.

## REPLY ARGUMENT

**I.      The Advisors have standing to move for a stay.**

Ameriprise blithely says that it only "addressed the Nonparty Advisors' Motion out of an abundance of caution," claiming that because the Court denied the

-1-
ADVISORS' REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL

Advisors' motion to intervene, the Advisors "are not parties to this case" and therefore "have no standing to petition this Court for a stay." Opp. at 4. That is wrong. When a motion to intervene is denied, "the would-be intervenor is a party for purposes of appealing" that denial. *Robert Ito Farm, Inc. v. Cnty. of Maui*, 842 F.3d 681, 688 (9th Cir. 2016) (alteration adopted). And "[i]t follows that a litigant that has standing to appeal" the denial of a motion to intervene "may seek to stay the underlying action pending that appeal." *Chalian v. CVS Pharmacy, Inc.*, No. 16-cv-08979, 2020 WL 6821316, at *2 (C.D. Cal. Nov. 10, 2020).[1]

## II. The Advisors met and conferred in good faith.

Ameriprise is represented by six different attorneys from two separate firms. The Advisors' counsel merely asked for one of these attorneys to take five minutes out of their day to briefly discuss the Advisors' motion for a stay pending appeal, knowing that such discussions would likely be futile. *See* Doc. 98-2 at 3. None of Ameriprise's attorneys were willing to give the Advisors' counsel the courtesy of a short phone call. And despite repeatedly responding to emails from the Advisors' counsel over the course of many hours—during which time they could have just called and held the meet and confer rather than type out paragraphs worth of excuses—Ameriprise's counsel conveniently stopped responding when the Advisors set forth the basis of their motion for a stay and asked for Ameriprise's position in writing. Doc. 98-2 at 2. So if any party was refusing to meet and confer in good faith here, it was Ameriprise.

The reason for Ameriprise's gamesmanship is obvious. Under this Court's rules for *ex parte* motions, Ameriprise's opposition to the Advisors' motion to stay

---

[1] It makes no difference that the July 18 order denied the Advisors' motion to intervene without prejudice. Because the July 18 order "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment," it is a final and appealable order. *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000).

was due "within two (2) Court days." Civil Chambers Rules § III. So if Ameriprise could push the meet and confer until Thursday, it would have successfully doubled (to four days) its time to draft an opposition. And as a result, it would have delayed this Court from receiving prompt briefing on the relevant issues, defeating the entire purpose of the Court's rule. The Court should not condone Ameriprise's conduct.

### III. The July 18 order is appealable under 9 U.S.C. § 16(a) and subject to an automatic stay under *Coinbase*.

Ameriprise claims that the Advisors "forfeited their right to interlocutory review under Section 16(a)" because they "signaled that even if they were permitted to intervene they would have been happy with a modification of the order instead of a stay." Opp. at 15. But this reflects a fundamental misunderstanding of the significance of alternative requests for relief.

In their proposed motion for substantive relief that was attached to the motion to intervene, the Advisors made clear that their position was that "the Court should stay [the federal case between LPL and Ameriprise] in favor of the pending FINRA arbitration." *E.g.*, Doc. 60-1 at 3. The Advisors requested modification of the Paragraph 4 of the Stipulated Order solely as an *alternative* form of relief "[i]f the Court decline[d] to stay the case[]." Doc. 60-1 at 9. Nothing about this alternative request for relief is "inconsistent with the position that the issues in the litigation may be decided only by the arbitrator," as necessary for a party to forfeit its right to interlocutory review under § 16(a). *See W. Sec. Bank v. Schneider LP*, 816 F.3d 587, 590 (9th Cir. 2016). To the contrary, Rule 8 of the Federal Rules of Civil Procedure expressly permits parties to request "alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). And to protect this rule, courts have long prohibited opposing parties from invoking "one claim [for relief] as an admission against an alternative or inconsistent claim [for relief]," as Ameriprise tries to do here. *Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985); *see also Ryan v. Foster and Marshall, Inc.*, 556 F.2d 460, 463 (9th Cir. 1977) (holding that plaintiffs' requests for

-3-
**ADVISORS' REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**

inconsistent and alternative forms of relief may not be construed as a waiver by plaintiffs of their rights to recover either form of relief).

Ameriprise further argues that because Section 3 of the Federal Arbitration refers only to a stay of "the *trial* of the action" pending arbitration and "[t]here is not trial scheduled in this case," "Section 3 is not applicable" and therefore this is not an appeal under Section 16(a) of the Federal Arbitration Act. Opp. at 18. This is nonsense. Courts nationwide—including the Supreme Court—apply Section 3 to broadly require a stay of all court "proceedings," not just trial, whenever "a lawsuit involves an arbitrable dispute." *E.g.*, *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Indeed, the very title of 9 U.S.C. § 3 is "Stay of *proceedings* where issue therein referable to arbitration."

As for the issue of an automatic stay under *Coinbase*, Ameriprise claims that the Supreme Court's decision applies "only when an interlocutory appeal is taken from an order denying a motion to compel arbitration"—*i.e.*, only to appeals under Section 16(a)(1)(B). Opp. at 15. But Ameriprise cannot identify a single case adopting such a cramped view of *Coinbase*'s holding. That's because neither *Coinbase*'s rule nor its rationale was limited to appeals under Section 16(a)(1)(B); it applies to *all* appeals under Section 16(a)(1). *See California ex rel. Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 770 (9th Cir. 2025) (citing *Coinbase* as standing for the general proposition that "[a]bsent an automatic stay in the arbitration context, the benefits of arbitration Congress aimed to effectuate via the FAA could be irreparably lost with each day a party is wrongfully subjected to pretrial litigation and discovery"); *Hitachi Constr. Mach. Co. v. Weld Holdco, LLC*, No. 23-cv-490, 2024 WL 263229, at *1 n.1 (S.D.N.Y. Jan. 23, 2024) (explaining that "[t]he Federal Arbitration Act authorizes interlocutory appeals of orders denying requests for arbitration *and stays of litigation pending arbitration*" and "[t]he Supreme Court recently held that a district court must stay its proceedings while such an interlocutory appeal is ongoing").

### IV. The July 18 order is also appealable under 28 U.S.C. §§ 1291 and 1292, and a discretionary stay is warranted under *Nken*.

Ameriprise claims that the Stipulated Order and July 18 order do not qualify as "injunctions" for purposes of appeal under 28 U.S.C. § 1292 because, when negotiating the Stipulated Order, LPL "removed all references to an injunction from the caption and body of the" document. Opp. at 16–17. But to determine whether an order is an "injunction" appealable under § 1292(a)(1), the Ninth Circuit "look[s] to [the order's] substantial effect rather than its terminology." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 27 (9th Cir. 2025). So regardless of "whether an order is labeled as an 'injunction,'" it will be treated as one if it is "directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint in more than temporary fashion." *Id.* at 27–28. The Stipulated Order and the July 18 order satisfy each of these criteria.

Regardless, the Advisors also appeal under 28 U.S.C. 1291. Doc. 93. Yet Ameriprise ignores § 1291 entirely and makes no assertion that the July 18 order is not appealable under that statute. And for good reason—it is well established that "[t]he denial of a motion to intervene as of right is a final, appealable order." *Ctr. for Biological Diversity v. Bureau of Land Mgmt.*, 69 F.4th 588, 592 (9th Cir. 2023). That remains true even when, as here, the denial is "without prejudice" because the Court's order "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 86 (2000).

As for the discretionary-stay factors from *Nken v. Holder*, Ameriprise does not even attempt to dispute that the Advisors have a substantial case on appeal. Ameriprise says nothing in defense of the denial of the Advisors' motion to intervene as of right nor does Ameriprise try to refute the Advisors' reasons why the forensic-review issue belongs in FINRA arbitration now that arbitrators have been selected and empaneled. And Ameriprise apparently does not know what the term "status

quo" means, speciously suggesting that the July 18 order "does not change the *status quo*" (and is therefore not an improper mandatory injunction) because the Advisors "were already required to submit their devices for forensic review" under the Stipulated Order. Opp. at 21. But for purpose of determining whether an order is a mandatory injunction that changes the status quo or a prohibitory injunction that maintains it, the "status quo" refers to "the last uncontested status which preceded the pending controversy." *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000). Under the last uncontested status (*i.e.*, the status quo) in this case, the Advisors had their customers' information on their personal electronic devices. Both the Stipulated Order and the July 18 order change that status quo by requiring the Advisors to delete that information from their devices. The Stipulated Order and July 18 order are both thus mandatory injunctions, which are "particularly disfavored" and likely to be reversed. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009).

On the irreparable-harm issue, Ameriprise does not dispute that the harms the Advisors have identified would be irreparable. Rather, Ameriprise resorts to misconstruing the Advisors' arguments, the relevant facts, and the governing law to suggest that no such harms exist. For example, Ameriprise says that the Advisors are not suffering the irreparable harm of being deprived of their right to arbitrate because "[t]he parties are all currently in arbitration." Opp. at 24. But the Advisors' point is that the issue of whether forensic-review is necessary—and, if so, how to conduct that review—belongs in that arbitration, and Ameriprise offers no rejoinder to that assertion. Similarly, Ameriprise claims that the Advisors' "complaints about their constitutional rights are of no moment" because their devices can be imaged "remotely." Opp. at 24. But "[a] seizure is a meaningful interference with an individual's possessory interest in his property." *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017). And the "installation of [remote-imaging software] on the plaintiffs' devices interfere[s] with [the owners'] possessory interest in those

devices." *Margolis v. Apple Inc.*, 743 F. Supp. 3d 1124, 1135 (N.D. Cal. 2024). What's more, the deletion of data from these devices raises constitutional concerns separate from the remote-imaging process—an irreparable harm that Ameriprise simply ignores.

Finally, Ameriprise cannot identify any harm that it would suffer from a stay beyond a delay in enforcing its alleged rights under the Stipulated Order and the July 18 order. But as the Supreme Court explained in *Coinbase*, "§ 16(a) appeals"—like the Advisors' appeal here—must "proceed with appropriate expedition" in the Court of Appeals. 599 U.S. at 747. So any delay (and resulting harm to Ameriprise) from a stay will be minimal and does not outweigh the irreparable harms that the Advisors would suffer if a stay is *not* granted.

## CONCLUSION

For these reasons, and those set forth in the Advisors' original memorandum, the Advisors' motion for a stay pending appeal should be granted.

DATED: July 28, 2025

                        BARRASSO USDIN KUPPERMAN
                          FREEMAN & SARVER, L.L.C.

                        By: */s/ Jamie L. Berger*
                             Jamie L. Berger
                             Attorney for Advisors