Molly M. White, Bar No. 171448
Cheryl L. Haas (pro hac vice)
Alex Madrid (pro hac vice)
MCGUIREWOODS LLP
1800 Century Park East 1800
Los Angeles, California 90067
Tel.:   (310) 315-8200

Jeffrey K. Compton, Bar No. 142969
MARKUN ZUSMAN & COMPTON LLP
16255 Ventura Blvd.
Suite 910
Encino, California 91436
Tel.: (310) 454-5900

Attorneys for Defendant
LPL FINANCIAL LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LPL FINANCIAL LLC and INTERVENING ADVISORS, <br><br> Defendants. | Case No. 24-CV-01333 JO MSB <br><br> **DECLARATION OF ALEXANDER M. MADRID** |

I, Alexander M. Madrid, declare that:

1.   I am an attorney duly admitted to practice before all courts of the states of Pennsylvania and New York.  I am a partner with McGuireWoods LLP and one of the attorneys of record for Defendant LPL Financial LLC ("LPL") in the above-captioned action.  The following information is true and of my personal knowledge unless otherwise noted.  If called as a witness, I could and would testify competently and truthfully to the same.

DECLARATION OF ALEXANDER M. MADRID

2. I make the declaration without waiver of any applicable privilege or protection (including the attorney-client privilege, attorney work-product doctrine, and joint defense and common privilege).

**LPL Has Complied with Paragraph 5 of the Stipulated Order**

3. During the hearing on April 30, 2026, the Court ordered that I provide a declaration confirming LPL's compliance with Paragraph 5 of the Stipulated Order (Dkt. 53) ("Paragraph 5") and detailing:

   i. whether LPL deleted only the Excel spreadsheet known as the "Bulk Upload Tool," or whether LPL also deleted underlying data for individuals listed on the Bulk Upload Tool who did not become LPL customers; and

   ii. the date on which LPL completed its compliance with Paragraph 5.

4. LPL has complied with Paragraph 5.

5. While LPL maintains and does not waive its position regarding the scope and interpretation of the Stipulated Order as set forth in its briefing, it deleted both the Excel spreadsheet known as the "Bulk Upload Tool," and underlying data for those customers whose information was provided to LPL, but who did not become LPL customers.

6. In order to do so, LPL conducted a systematic review of its systems for underlying personal information—such as names, addresses, Social Security numbers, and similar data—for individuals listed on the Bulk Upload Tool who did not become LPL customers. LPL reviewed for and deleted this information regardless of whether it existed on the Bulk Upload Tool or in some other format on LPL's systems.

7. This process was comprehensive, technical, and multi-layered, requiring significant time and resources to complete. LPL began the process on January 10, 2025. Data deletions from LPL's systems were completed between March 14 and April 9, 2026. LPL subsequently conducted a final sweep of its systems to check for any further needed deletions and identified a small set of additional files, which it

DECLARATION OF ALEXANDER M. MADRID

deleted on April 29, 2026.  LPL believes that all deletions are complete and does not expect that any additional work is necessary; however, if LPL were to learn of additional information, it would delete such information, after copy and segregation, in accordance with the requirements of the Stipulated Order and the process outlined in this declaration.

8.  I provide further detail below.

**LPL's Process for Complying with Paragraph 5**

9.  Paragraph 5 states:

> LPL will also review its own systems to determine whether it is in possession of any Non-Customer Information.  If LPL locates any such information, it will initiate a process reasonably designed to delete the Non-Customer Information, after retaining a copy of the information with all metadata intact for ongoing litigation or arbitration purposes, in a manner compliant with its regulatory obligations to preserve books and records under SEC Rule 17a-3 and FINRA Rule 4511.  LPL will segregate any such Non-Customer Information within its own systems such that it is not accessible to anyone except for in-house counsel for LPL and outside counsel for LPL.

Dkt. 53 at 3.  "Non-Customer Information" is defined in the Stipulated Order as: "non-public personally identifiable information contained within the Bulk Upload Tool related to the Non-Customers".  *Id.* at 2.  "Non-Customers," in turn, is defined as "individuals whose information was retained by the Advisors [who] have not opened an account at LPL and/or never became customers of LPL".  *Id.*

10. In plain English, Paragraph 5 required LPL to undertake a five-step process:

i.   ***Determine*** which individuals listed on the Bulk Upload spreadsheets are "Non-Customers"—meaning individuals who are not (and have never been) LPL customers;

ii.  ***Review*** LPL's own systems to determine whether they contain personal information of the Non-Customers;

iii. ***Initiate*** a process reasonably designed to delete such information if located;

3

Case No. 3:24-cv-01333 JO MSB

DECLARATION OF ALEXANDER M. MADRID

iv.    ***Retain*** a forensic copy of any such information, with metadata intact; and

v.    ***Segregate*** the forensic copy so that only LPL's in-house and outside counsel can access it.

## Step 1: Determining the Identity of the Non-Customers

11. The first step LPL took was to determine whether any copies of the Bulk Upload Tool used by the Advisors existed on its systems.  LPL began this search on January 10, 2025.

12. Next, LPL reviewed the individual Bulk Upload Tool to determine which of the customers listed on the spreadsheets did not transition their accounts to LPL.  This was a time consuming and manual step, which required LPL to search for each discrete customer on each Bulk Upload Tool to determine (a) if the data was in LPL's systems and if so (b) whether the customer had signed an account application establishing an account with LPL.

13. LPL then prepared an initial non-customer list, which it shared with Plaintiff's counsel over the summer of 2025 and continued to refine.

## Step 2: Review of LPL's Systems

14. Once the non-customer list was finalized, LPL engaged multiple internal and external experts to identify any location within its secure systems and databases where not only the Bulk Upload Tool but also underlying personal information for the non-customers identified through Step 1 could be maintained or stored.

15. The systems and databases where the relevant information could be maintained or stored varied, which required different search methodologies.

16. In order to identify any underlying non-customer information, LPL searched for unique data points related to each non-customer—such as the non-customer's name (if distinctive) or Social Security number.  This ensured that LPL reviewed for and located not only the Bulk Upload Tool spreadsheet itself but also underlying non-customer information that existed elsewhere on LPL's systems.

Case No. 3:24-cv-01333 JO MSB

DECLARATION OF ALEXANDER M. MADRID

**Steps 3, 4 and 5: Deletion Process, Retention of Forensic Copy, and Segregation**

17. If, pursuant to its review, LPL located either a copy of the Bulk Upload Tool or underlying personal information regarding the non-customers listed on the Bulk Upload Tool, then LPL followed a process to delete it.

18. Before deleting any data, LPL's counsel and its internal business partners prepared forensic copies of the data with all metadata intact.

19. Data deletions from LPL's systems were completed between March 14 and April 9, 2026.  LPL subsequently conducted a final sweep of its systems to check for any further needed deletions and identified a small set of additional files, which it deleted on April 29, 2026.

20. LPL is currently storing the forensic copies of the information either in a secure Box file storage system licensed by LPL or within Relativity, the electronic database utilized by LPL's electronic discovery vendor (for litigation purposes).  The Box folders are accessible only to LPL's in-house and outside attorneys and legal staff working at the attorneys' direction.  The Relativity files are accessible only to LPL's in-house and outside attorneys, legal staff working at the attorneys' direction, and those members of the staff of the electronic discovery vendor assigned to this matter and working at the direction of LPL's attorneys.  To the extent the data is requested for regulatory purposes, it can be retrieved and provided by LPL's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed on May 4, 2026, in Pittsburgh, Pennsylvania.

*/s/ Alexander M. Madrid*

Alexander M. Madrid

DECLARATION OF ALEXANDER M. MADRID