# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

AMERIPRISE FINANCIAL SERVICES, LLC,

Plaintiff,

v.

LPL FINANCIAL LLC,

Defendant.

Case No. 24-CV-01333 JO MSB

**[RROPOSED] STIPULATED ORDER**



WHEREAS Plaintiff Ameriprise Financial Services, LLC ("Ameriprise") and Defendant LPL Financial LLC ("LPL," with Ameriprise, the "Parties") dispute, *inter alia*, the underlying ownership of certain customer information retained by thirty financial advisors (the "Advisors") upon their departure from Ameriprise (the "Customer Information") and transferred to LPL pursuant to the Bulk Upload Tool upon affiliation with LPL between 2018 and January 1, 2022;

WHEREAS, the ultimate ownership of this information and any liability or damages resulting from the Advisors' retention of this information, and LPL's actions in connection therewith, will be decided by a panel of arbitrators in FINRA's Dispute Resolution arbitral forum ("FINRA Arbitration");

1

[PROPOSED] STIPULATED ORDER

WHEREAS, Ameriprise states that certain of the individuals whose information was retained by the Advisors were or are still customers of Ameriprise (the "Customers");

WHEREAS, certain of the individuals whose information was retained by the Advisors have not opened any account at LPL and/or never became customers of LPL (the "Non-Customers");

WHEREAS, the Advisors and/or LPL have retained non-public personally identifiable information contained within the Bulk Upload Tool related to the Non-Customers (the "Non-Customer Information");

WHEREAS, the Parties dispute the Advisors' and/or LPL's right to possess or retain the Non-Customer Information, and the issue will be decided in FINRA Arbitration, the Parties jointly recognize an interest in ensuring customer privacy;

THEREFORE, the Parties agree to the following plan, which the Court SO ORDERS:

1.     The Parties will mutually agree upon and equally share in the costs of hiring a third-party forensic examination company (the "Forensic Examiner").

2.     LPL will identify all Non-Customers and Customers whose information the Advisors transferred to LPL via the Bulk Upload Tool upon affiliation with LPL between 2018 and January 1, 2022 to the Forensic Examiner within forty-five (45) days of the retention of the Forensic Examiner.

3.     LPL will identify all Non-Customers whose information the Advisors retained and/or transferred to LPL via the Bulk Upload Tool upon affiliation with LPL between 2018 and January 1, 2022 to Ameriprise within forty-five (45) days of the retention of the Forensic Examiner.

4.     If an Advisor is identified as having retained Customer and/or Non-Customer Information upon their departure from Ameriprise, the Forensic Examiner will:

[PROPOSED] STIPULATED ORDER

a. Reasonably review locations in the Advisor's personal devices and/or repository(ies) on which the Customer and Non-Customer Information was retained and/or stored, taking reasonable steps with the involvement of the Advisors' counsel to protect any personal, confidential, or sensitive information of the Advisors;

b. Create a forensic copy, preserving all metadata, of the Customer and Non-Customer Information and provide these copies to LPL for preservation in accordance with its obligations in the litigation and arbitration and provide copies to Ameriprise; and

c. Permanently delete the Customer and Non-Customer Information from the Advisor's personal device(s) and/or repository(ies).

5. LPL will also review its own systems to determine whether it is in possession of any Non-Customer Information. If LPL locates any such information, it will initiate a process reasonably designed to delete the Non-Customer Information, after retaining a forensic copy of the information with all metadata intact for ongoing litigation or arbitration purposes, in a manner compliant with its regulatory obligations to preserve books and records under SEC Rule 17a-3 and FINRA Rule 4511. LPL will segregate any such Non-Customer Information within its own systems such that it is not accessible to anyone except for in-house counsel for LPL and outside counsel for LPL.

6. Within 30 days after the Court issues this Stipulated Order, LPL shall provide to Ameriprise, pursuant to the Protective Order issued in this matter as Dkt. 28 (as modified to include any information or documents provided pursuant to this Order), the completed Bulk Upload Tools (with metadata intact) used by each of the relevant advisors identified by LPL in this case for the purpose of Ameriprise determining whether it must make notification to customers and what information to include in the notification to customers. Ameriprise agrees to provide a copy of

3

such notice to individuals who became customers of LPL, to LPL, and provide a date such notice is made if any.

7. The Court shall maintain jurisdiction over this Stipulated Order and its enforcement.

SHUMAKER, LOOP & KENDRICK, LLP

DATED: December 12, 2024    By: _____ s/Michael S. Taaffe
Michael S. Taaffe
Justin P. Senior
James E. Fanto
Attorneys for Plaintiff AMERIPRISE
FINANCIAL SERVICES, LLC

KLINEDINST PC

DATED: December 12, 2024    By: _____ s/Irean Z. Swan
Greg A. Garbacz
Daniel S. Agle
Irean Z. Swan
Attorneys for Plaintiff AMERIPRISE
FINANCIAL SERVICES, LLC

MCGUIREWOODS LLP

DATED: December 12, 2024    By: _____ s/Cheryl L. Haas
Molly M. White
Cheryl L. Haas
Alexander Madrid
Brittney M. Angelich
Attorneys for Defendant LPL FINANCIAL
LLC

**IT IS SO ORDERED.**

Dated: 12/12/24  _____

The Honorable Jinsook Ohta
United States District Judge

Amended: 5/5/26

[PROPOSED] STIPULATED ORDER