UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIPRISE FINANCIAL SERVICES, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>LPL FINANCIAL, LLC,<br><br>                              Defendant. | Case No.:  24-cv-1333-JO-MSB<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY STIPULATED ORDER [DKT. 124], AND DISMISSING AS MOOT INTERVENOR'S MOTION TO COMPEL ARBITRATION [DKT. 115] AND PLAINTIFF'S MOTION TO ENFORCE COMPLIANCE [DKT. 117]** |

On February 9, 2026, Intervenor Financial Advisors filed a motion to compel arbitration and stay the case.  Dkt. 115.  That same day, Plaintiff Ameriprise Financial Services, LLC ("Ameriprise") filed a motion to enforce compliance with the Stipulated Order [Dkt. 53].  Dkt. 117.  On March 2, 2026, Defendant LPL Financial, LLC ("LPL") filed a cross-motion to modify the Stipulated Order.  Dkts. 123, 124.  The Court held a hearing on all three motions on April 30, 2026.  Dkt. 134.  For the reasons stated on the record and below, the Court GRANTS in part LPL's motion to modify [Dkt. 123, 124].  Because the Court's ruling on LPL's motion resolves the issues raised in the motion to compel arbitration [Dkt. 115] and motion to enforce compliance [Dkt. 117], the Court DENIES those two motions as moot.

24-cv-1333-JO-MSB

Pursuant to LPL's request, the Court modifies the Stipulated Order to remove Paragraph 4 requiring forensic review of the financial advisors' devices. Under Federal Rule of Civil Procedure 60(b)(5), a party may obtain relief from a court order when "applying [the judgment] prospectively is no longer equitable." To modify a court order, the moving party must establish "a significant change" in factual conditions and demonstrate that the proposed modification is "suitably tailored" to address those changed circumstances. *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367, 383 (1992); *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999). A change in factual conditions may justify modification when (1) compliance becomes "more onerous"; (2) the order proves "unworkable" due to unforeseen obstacles; or (3) enforcement without modification would be "detrimental to the public interest." *Rufo*, 502 U.S. at 384. Courts must "take all the circumstances into account" when determining whether a modification would provide equitable relief. *Bellevue Manor Assocs.*, 165 F.3d at 1256.

Here, the following significant factual changes have rendered enforcement of the forensic review requirement for advisors and their devices no longer equitable. When Ameriprise and LPL agreed to interim measures in Paragraph 4 more than a year ago,[1] they were the only parties to the underlying FINRA arbitration. Ameriprise has since amended its Statement of Claim in arbitration to add all 30 financial advisors affected by this Stipulated Order and is in the process of pursuing relief against them directly in the arbitral forum. Dkt. 123 at 12. Nine of those advisors have been dismissed from the arbitration entirely, rendering any preliminary injunction against them unwarranted. *Id.* at 17. Finally,

---

[1] Financial Industry Regulatory Authority ("FINRA") Rule 13804 authorizes the Court to grant temporary injunctive relief while a dispute between FINRA members is pending resolution before the arbitral panel. Pursuant to that authority, the Court entered the Stipulated Order memorializing Ameriprise and LPL's agreement to preserve the status quo by retaining a third party to isolate disputed client information from the advisors' devices and create a forensic copy safeguarding that information until the arbitral panel resolved ownership.

over a year has passed since the initiation of arbitration and entry of these preliminary relief provisions, and a final merits hearing on ownership of the contested information is now scheduled for October 5, 2026.  Dkt. 115 at 6.  With the merits hearing only a few months away, the forensic review measures no longer serve the preliminary relief function the parties and the Court intended.  The Court therefore no longer finds it equitable to impose a forensic review process—agreed to only by LPL and Ameriprise—on the financial advisors regarding their various electronic devices.  Accordingly, the Court modifies the Stipulated Order by deleting Paragraph 4, which requires forensic review, imaging, and deletion of disputed client information from the advisors' personal devices.

The remainder of the Stipulated Order, docketed as Amended Stipulated Order [Dkt. 136], remains in effect as to LPL.

**IT IS SO ORDERED**.

Dated:  May 6, 2026

_____
Honorable Jinsook Ohta
United States District Judge

3

24-cv-1333-JO-MSB